**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**PATRICK HOLLOWELL,**                                            **MOVANT**

**v.**                                                  **NO.: 2:11cr46-MPM**

**UNITED STATES OF AMERICA,**                             **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Patrick Hollowell, federal prisoner number 14901-42, is proceeding *pro se* on a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion. Having considered the pleadings and the record, including the relevant parts of Hollowell's underlying criminal case, along with the relevant law, the Court finds that an evidentiary hearing is unnecessary[1], and that the motion should be denied.

**Background Facts and Procedural History**

In February 2011, Patrick Hollowell, along with Athena Marie Byrd and Dennis Lee Andrews, decided to attempt to extort money from Oliver Eugene Anderson by pretending to take his girlfriend, Athena Marie Byrd, hostage and threatening to harm her unless Anderson provided them with money. The conspirators went to Anderson's home and held him at gunpoint, demanding money. Eventually, Andrews and Byrd forced Anderson to travel to a casino in Coahoma County, Mississippi, to cash a check that Andrews and Hollowell forced him

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b); *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). Accordingly, if there is no "independent indicia of the likely merit" of the allegations made in the motion, a hearing is not required. *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

to write. While at the casino, Anderson drew attention to himself, causing Lee and Byrd to flee. Hollowell, Byrd, and Andrews were subsequently apprehended.

Hollowell, along with his conspirators, were indicted in a three-count indictment for conspiracy to kidnap for ransom, kidnapping, and carrying and brandishing firearms during a crime of violence. Hollowell pleaded guilty to all three counts and was sentenced to 324 months in the custody of the United States Bureau of Prisons. Hollowell appealed, and the Fifth Circuit affirmed Hollowell's sentence. *United States v. Hollowell*, 492 F. App'x 484, 2012 WL 5873362, (5th Cir. Nov. 21, 2012). On or about May 8, 2014, Hollowell filed the instant § 2255 motion, maintaining that the Court erred in applying a six-point enhancement in his case.

**Legal Standard**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A motion brought pursuant to § 2255 is a "means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citation omitted). There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. Collateral attack limits a defendant's allegations to those of "constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (citation omitted). Relief under § 2255 is reserved, therefore, for violations of "constitutional rights and for that narrow compass of other injury that could not

have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**Discussion**

In the instant motion, Hollowell maintains that the six-point ransom demand enhancement provision of Sentencing Guideline § 2A4.1(b)(1) was applied in error in his case. Citing *United States v. Reynolds*, 714 F.3d 1039 (7th Cir. 2013), he argues that the Court of Appeals for the Seventh Circuit there found that the enhancement did not apply unless there was evidence that a ransom was demanded from a third party. He claims that there was no third-party demand in this case. Hollowell maintains that, even though he did not raise this issue on direct appeal, the claim is not barred, as the *Reynolds* decision was only recently decided, he is actually innocent of the enhancement, and defense counsel inadequately represented him by failing to raise and pursue this issue.

United States Sentencing Guideline § 2A4.1(b)(1) provides that a six-point enhancement applies if, during the commission of the crime, "a ransom demand. . . was made." U.S.S.G. § 2A4.1(b)(1). The Fifth Circuit has noted that "[t]he language is written generally, applying any time a kidnapper demands a ransom, regardless of who is held." *United States v. Pantoja-Rosales*, 494 F. App'x 453, 2012 WL 4788657 (5th Cir. Oct. 9, 2012). The first overact act in Hollowell's indictment alleged that he and his co-conspirators "decided to demand and extort money from Oliver Eugene Anderson by pretending to take his part-time girlfriend Athena Marie Byrd hostage, and threatening to do her bodily harm unless Anderson provided them with money." (*See* ECF No. 1). Hollowell pleaded guilty to conspiracy to kidnap in interstate commerce for ransom, which supports the application of the six-point enhancement in §

3

2A4.1(b)(1). Counsel's failure to raise this issue at the guilty plea or on direct appeal does not support a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1994).

Accordingly, finding that no grounds exists to grant the requested relief, Hollowell's § 2255 motion will be denied.

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Hollowell has not made such a showing, and a COA will not issue in this case.

## Conclusion

Hollowell is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence [ECF No. 107] is **DENIED**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED**, **THIS** the 11th day of August, 2014.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**