IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO.: 2:11-cr-00046-MPM-DAS

**PATRICK HOLLOWELL**

### ORDER

This matter comes before the Court for consideration on Petitioner Patrick Hollowell's *Second Motion to Vacate Judgment under 28 U.S.C. § 2255* [133]. The Government has filed a response to the motion. The court has considered the motion and response as well as the relevant case law and evidence, and is now prepared to rule.

### PROCEDURAL BACKGROUND

On September 22, 2011, Hollowell pled guilty to and was convicted of kidnapping, and brandishing a firearm during and in relation to a "crime of violence." The Court sentenced Hollowell to a 324-month term of incarceration. Hollowell appealed. On appeal, his conviction and sentence were affirmed by the Fifth Circuit in November 2012. Hollowell then filed for habeas relief which this Court denied. This denial was also appealed and the Fifth Circuit denied a certificate of appealability.

Hollowell then filed his successive petition on June 24, 2016. The Fifth Circuit denied authorization to pursue this successive petition. *In re: Patrick Hollowell*, 16-60429 (Sept. 29, 2016).

# STANDARDS AND APPLICABLE STATUTES

A prisoner may not file a "second or successive" application for post-conviction relief in federal district court unless the prisoner first obtains certification from a Fifth Circuit panel that his motion satisfies one of two enumerated grounds under 28 U.S.C. § 2255(h).

28 U.S.C.A. § 2255(h)(2) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2244(b)(3)(A-E) provides:

> **(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> **(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> **(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> **(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> **(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for

rehearing or for a writ of certiorari.

18 U.S.C.A. § 924(c)(3) provides:

> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## **DISCUSSION**

The Fifth Circuit reviewed an exact copy of Hollowell's § 2255 motion filed in the Northern District of Mississippi. Pursuant to 28 U.S.C.A. §§ 2255(h) and 2244(b)(3), the Fifth Circuit Court of Appeals performed its prescribed duty as gatekeeper, and has prohibited Hollowell from pursuing this successive motion.

Additionally, Hollowell has not shown that a new rule of constitutional law has been adopted. The Fifth Circuit has declined to extend *Johnson* to apply to § 924(c)(3). *See In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016). The Fifth Circuit has also been clear that while *Johnson* invalidated the § 924(e)(2)(B) definition of "violent felony," it did not affect the definitions of "crime of violence" in the U.S. Code, particularly that definition found in § 16(b)—which is identical to the § 924(c)(3) definition. *See United States v. Gonzalez-Longoria*, 831 F.3d 670, 675-77 (5th Cir. 2016); *United States v. Chapman*, 851 F.3d 363, 374-75 (5th Cir. 2017). Hollowell has not shown that kidnapping no longer qualifies as a "crime of violence" under § 924(c)(3) and as such lacks the authorization to pursue a successive § 2255 petition.

Pursuant to the Fifth Circuit's denial, this court lacks authority to consider Hollowell's

motion. Therefore, the petitioner's motion before the court [133] is denied.

SO ORDERED, this the 20th day of February, 2018.


/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**