## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**PATRICK HOLLOWELL**                                                      **MOVANT**

**v.**                                                          **No. 2:11CR46-MPM-DAS**

**UNITED STATES OF AMERICA**                                    **RESPONDENT**

## ORDER UNDER FED. R. APP. P. 12.1, INDICATING
## THAT THE COURT WOULD GRANT A MOTION BY
## PATRICK HOLLOWELL TO VACATE HIS SENTENCE
## UNDER 28 U.S.C. § 2255

This matter comes before the court, *sua sponte*, for consideration of defendant Patrick Hollowell's intention to seek *habeas corpus* relief under 28 U.S.C. § 2255 by way of a successive motion.   Mr. Hollowell filed a motion [162] seeking permission to file a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.   The court noted that it lacked subject matter jurisdiction to decide the matter and transferred the case to the Fifth Circuit Court of Appeals, the court holding proper jurisdiction.

In his motion, Mr. Hollowell stated that, should he be permitted to proceed, he would challenge his sentence based upon the Supreme Court's holding in *United States v. Davis*, 139 S.Ct. 2319 (2019), which held the residual clause of 18 U.S.C. § 924(c) to be unconstitutionally vague. Mr. Hollowell was convicted under § 924(c) for kidnapping and brandishing a firearm during the commission of a kidnapping.

Mr. Hollowell's co-defendant, Dennis Andrews, has also sought § 2255 relief based upon *Davis*.   The Fifth Circuit granted Andrews' request to proceed with a successive § 2255 motion, and the Government filed a document conceding that § 2255 relief is appropriate.[1]   The government

---

[1] Mr. Andrews and Mr. Hollowell's positions as to this issue are legally indistinguishable.

requested a hearing on the matter – as to both Andrews and Hollowell – to determine the proper sentence should the original sentence be vacated.

Under Fed. R. App. P. 12.1, this court may issue an indicative ruling (an order such as this one), after which the Fifth Circuit may remand the case for further proceedings. *See* Fed. R. App. P. 12.1(b). **Should the Fifth Circuit grant Mr. Hollowell's request to file a second or successive § 2255 Motion, this court would grant the motion, vacate his sentence, appoint counsel, and conduct a hearing to determine the appropriate sentence based upon the holding in *Davis*.**

**SO ORDERED**, this, the 29th day of April, 2020.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**