## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

DENNIS LEE ANDREWS
PATRICK HOLLOWELL                                                                       MOVANTS

v.                                                                          No. 2:11CR46-MPM-DAS

UNITED STATES OF AMERICA                                                           RESPONDENT

### MEMORANDUM OPINION

This matter comes before the court on the motions [189], [192] of Dennis Lee Andrews and

Patrick Hollowell to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255. The

government has responded to the motions, and the matter is ripe for resolution. For the reasons set

forth below, the instant motions [189], [192] to vacate, set aside, or correct sentence will be granted.

The Movants' convictions for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii), as well their

sentences. In light of this ruling, a hearing to resentence the Movants will be set by separate order.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2255

The writ of *habeas corpus*, a challenge to the legal authority under which a person may

be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar

Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St.

John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law

of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is

equally significant in the United States. Article I, § 9, of the Constitution ensures that the right

of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or

invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56.

Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since

been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id.*

## Section 2255 Proceedings

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal

crime "to move the court which imposed the sentence to vacate, set aside or correct the sentence." 28

U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, a § 2255 motion

sets forth only four bases on which a motion may be made: (1) the sentence was imposed in violation

of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the

sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise

subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional

violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of

constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error

constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."

*United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion, and "[i]f it

plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the

moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section

- 2 -

2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6–7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

Petitioners Dennis Lee Andrews and Patrick Hollowell pled guilty to kidnapping and brandishing a firearm during a kidnapping. The brandishing count carried a consecutive 7- year prison term. See, 18 U.S.C. § 924(c)(1)(A)(ii). Docs. 44-49. Co-defendant Athena Marie Byrd plead guilty to conspiracy to kidnap and kidnapping. Docs. 51-53.

> The firearm was used to threaten and injure during the crime:
>
> Dennis Lee Andrews threatened and assaulted [the victim] during the incident. Dennis Lee Andrews hit Athena Marie Byrd while at the residence as part of the scam to get money out of Anderson. At that point, Anderson questioned why Dennis Lee Andrews hit her, and Dennis Lee Andrews then hit Anderson across the face with his hand that was holding the pistol. During the ride to the casino, Dennis Lee Andrews told Anderson not to do anything stupid, or he (Dennis Lee Andrews) would blow Anderson's head off and burn his house.
>
> Athena Marie Byrd and Dennis Lee Andrews put Anderson in Athena Marie Byrd's vehicle and drove him at gunpoint across the Mississippi River into Mississippi and to the Isle of Capri Casino, where they escorted him into the casino for the purpose of cashing a $2,000 check.

Byrd, PSR, ¶¶ 10-11.

The U.S. Probation Service completed Presentence Investigation Reports ("PSRs") for each defendant. For Andrews and Hollowell, Probation calculated offense levels of 35, because it did not use the firearm during its calculations. See, Andrews' PSR, ¶¶ 18-28, and Hollowell's PSR, ¶¶ 18-27. Because Byrd did not plead guilty to the brandishing count, Probation calculated her offense level using the 2-point enhancement for use of a dangerous weapon, which resulted in a total offense level of 37. See, Byrd PSR, ¶¶ 20-31. This was done under U.S. Sentencing Guideline direction. See, USSG § 2K2.4, Application note 4 ("If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession,

- 4 -

brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.")

## Discussion

Years after the defendants were convicted and sentenced for these crimes, methods of defining "crime of violence" have been altered, and it is apparent, due to the categorical approach to interpret Federal crimes of violence, that kidnapping is no longer a "crime of violence" that can support a § 924(c) charge. See, *United States v. Davis*, 139 S. Ct. 2319 (2019); *United States v. Carreon*, 803 Fed. App'x. 790, 791 (5th Cir. 2020) (government concession that kidnapping no longer fits definition of crime of violence). Under the current interpretation of § 924(c), the government properly conceded that Andrews' and Hollowell's § 924(c) convictions must be vacated. See, Doc. 164, Government's Statement with Regard to Defendant-Petitioners Dennis Andrews 28 U.S.C. § 2255 Motion to Vacate and Patrick Hollowell's Motion to Appoint Counsel. Andrews and Hollowell now ask the Court to reduce their sentences by 84 months (the term of incarceration imposed for their kidnapping convictions).

The government concedes that Andrews' and Hollowell's § 924(c) convictions and corresponding sentences should be vacated, but takes issue with their invitation to simply reduce their sentences by 84 months, arguing that such a reduction would have the unfair result that their use of the firearm would not be considered at all when imposing a sentence. As set forth above, Andrews and Hollowell used the firearm to frighten and injure the victim. The government also argues that reducing their sentences by 84 months would have the additional unfair effect of punishing codefendant Athena Marie Byrd because she did not plead guilty to the § 924(c) count (a rational decision given that, as a part of the kidnapping, she was used as a subterfuge, "held" with the victim at gunpoint, and actually struck by Andrews to coerce the victim to pay money to Andrews and

- 5 -

Hollowell.  Andrews PSR, ¶¶ 7-10.  The government thus urges the court to resentence Andrews and Hollowell based on the remaining convictions, while taking into account all their behavior during the commission of their crimes – including use of the firearm.

After one count, but not all counts, of a conviction has been vacated, the sentencing court may resentence the defendant on all remaining counts:

> When an appellate court vacates one of several related convictions, remand is proper so that the district court can reconsider the entirety of the (now-changed) circumstances and fashion a sentence that fits the crime and the criminal.  The district court should have the opportunity to reevaluate [a defendant's] sentence in light of the fact that [he] no longer faces an additional [] sentence for a separate but related crime. The district court may find that a different total sentence would achieve the goals set forth in 18 U.S.C. § 3553 under these new circumstances, or it may not.

*United States v. Ekwuruke*, 372 F. App'x 521, 525 (5th Cir. 2010) (internal citations and authorities omitted).

Movants Andrews and Hollowell request that the Court hold an evidentiary hearing as a part of resentencing.  Based on Fifth Circuit authority, holding a new sentencing hearing would be prudent. See, *Johnson*, 619 F.2d at 368-69.  The government argues that the Court has adequate information regarding the petitioners, their criminal history, their criminal conduct, and behavior while incarcerated since their sentencings in 2012, from the petitioners' PSRs, court filings, and attachments to the filings.  See, e.g., Doc. 171, Hollowell Expedited Motion for Compassionate Release, Exhibits 1 and 2, and Docs. 189 and 192, Andrews and Hollowell Motions for Evidentiary Hearing and Requests to Reduce Sentences, Exhibits 189-1 – 189-4 and 192-1 – 192-4.  A sentencing hearing with the opportunity to present evidence would, however, allow the Movants to allocute and present any evidence or argument about the sentences they should receive, which the court would consider in imposing their new sentences.

- 6 -

## Conclusion

In sum, the Movants' motions [189], [192] to vacate, set aside, and correct their sentences under 28 U.S.C. § 2255 will be granted; their convictions for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii), and their sentences will be vacated.  In light of this ruling, the court will permit the parties to present evidence and argument regarding what the new sentences should be during a sentencing hearing to be set by separate notice.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 6th day of July, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

- 7 -